UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ZENAIDA TALAVERA,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>BAYER CORPORATION, BAYER U.S. LLC, BAYER HEALTHCARE LLC, BAYER ESSURE INC., and BAYER HEALTHCARE PHARMACEUTICALS INC.,<br><br>　　　　　　　　Defendants. | Case No. |

## NOTICE OF REMOVAL

Defendants Bayer Corporation, Bayer U.S. LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc. (together, "Bayer"), by and through their undersigned counsel, hereby provide notice pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 of the removal of the above-captioned case from the Court of Common Pleas in Philadelphia County to the United States District Court for the Eastern District of Pennsylvania.  The grounds for removal are as follows:

### BACKGROUND

1.　　On October 29, 2018, Plaintiff Zenaida Talavera filed a complaint for damages in Pennsylvania state court.  The complaint alleges that Plaintiff "suffered from severe and permanent injuries" as a result of her experience using Essure, an FDA pre-market approved Class III medical device that serves as a form of permanent birth control.  Compl. ¶ 113 (Ex. A, hereto).

2. Essure was approved by FDA through the rigorous premarket approval ("PMA") process in 2002. Ex. B (Premarket Approval Order). Since then, FDA has granted numerous supplemental approvals, including as recently as April 2018, *see* Ex. C (FDA website noting PMA Supplements), repeatedly reviewing and approving Essure's design, construction, manufacturing, testing, training requirements, warnings, instructions for use, patient information, and all other labeling. *See generally Norman v. Bayer Corp.*, No. 3:16-cv-253(JAM), 2016 WL 4007547 (D. Conn. July 26, 2016) (recounting Essure regulatory history and dismissing all claims with prejudice as preempted by federal law); *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 809-11 (E.D. Pa. 2016) (recounting Essure regulatory history and dismissing 10 of 12 claims). After a public hearing in September 2015 and months of investigation, FDA reaffirmed that "FDA continues to believe that the benefits of the device outweigh its risks." Ex. D (FDA Activities: Essure).

## ARGUMENT

3. As set forth more fully below, this case is properly removed because this Court has diversity jurisdiction under 28 U.S.C. § 1332. There is complete diversity among the parties: Plaintiff is a citizen of California, and no defendant is a citizen of that state. Moreover, the amount in controversy exceeds $75,000.

**I.   THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET.**

4. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit A.

5. Only Bayer Corporation has been served with Plaintiffs' Complaint.[1] Section 1446(b)(1) requires a notice of removal to be filed within 30 days of the service of a complaint upon the defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time limit for removal runs from date of formal service of the initial complaint). Because Plaintiff has not yet served her complaint, this Notice of Removal is timely filed.

6. The United States District Court for the Eastern District of Pennsylvania presides in the locality in which the state court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 118(a), 1441(a).

7. A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the state court. *See id.* § 1446(d).

8. If any questions arise about this removal, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. A defendant may remove an action from state court to federal court if the action could have been brought originally in federal court. *See* 28 U.S.C. § 1441. Here, federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states, and it is facially apparent that the amount in controversy with respect to Plaintiff's claim exceeds $75,000, exclusive of interest and costs. *See id.* § 1332(a); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394-95 (3d Cir. 2016).

---

[1] At the time that this notice of removal was filed, Plaintiff has not served her complaint on several Defendants in this matter, and they reserve all rights, including objections to service and personal jurisdiction. *See City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("A defendant's removal to federal court does not waive its right to object to service of process." (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).

### A. The Amount-In-Controversy Exceeds $75,000.

10. Although Plaintiff does not specifically allege the amount of damages in her complaint, beyond noting that it involves claims worth more than $50,000, it is facially apparent that the damages sought, including any punitive damages, exceed $75,000. *See* 28 U.S.C. § 1446(c)(2); *see, e.g.*, *Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (recognizing that claims for punitive damages are included in determining the amount in controversy). Plaintiff alleges that she sustained "severe and permanent injuries." Compl. ¶ 113. Further, she states that she "has been forced to expend significant sums of money for treatment of the multitude of surgeries, testing, medicine, therapies along with related expenses" and that she "has suffered a significant decrease in her ability to earn money in the future, as well as a significant loss of earning capacity." *Id.* ¶¶ 177-78.

11. Courts have found the amount in controversy satisfied in similar cases, in which plaintiffs have asserted similar injuries, alleged similar degrees of pain, and requested punitive damages. *See, e.g.*, *Dyson v. Bayer Corp.*, 2018 WL 534375, at *5 (E.D. Mo. Jan. 24, 2018) (finding diversity jurisdiction once non-diverse plaintiffs dismissed for lack of personal jurisdiction); *Hocker v. Klurfield*, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015) (collecting cases).

12. Moreover—although Bayer denies that any relief is warranted—Pennsylvania juries routinely award compensatory damages in excess of $75,000 in product liability cases where liability is found, further supporting the conclusion that the jurisdictional minimum requirement is satisfied. *See, e.g.*, *Carlino v. Ehticon, Inc.*, 2016 Jury Verdicts LEXIS 841 (Feb. 10, 2016) ($13.5 million verdict in medical device case). Thus, given the nature of Plaintiff's alleged injuries, the scope of damages sought, and the lack of any express limitation on the

4

amount of damages sought, Plaintiff's claims plainly satisfy the amount-in-controversy requirement.

### B.     Complete Diversity Of Citizenship Exists.

13.     There is complete diversity of citizenship between the parties.

14.     Plaintiff alleges that Defendant Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania.  Compl. ¶ 2.  In fact, since January 1, 2017, Bayer Corporation's principal place of business has been in New Jersey.  Accordingly, it is a citizen of Indiana and New Jersey for diversity purposes.  *See* 28 U.S.C. § 1332(c).

15.     Plaintiff alleges that Defendant Bayer U.S. LLC is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania.  Compl. ¶ 3.  In fact, Bayer US LLC is a limited liability company, and its citizenship is determined by the citizenship of its members.  *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 353 (3d Cir. 2015).  Its sole member is Bayer Corporation, and thus, Bayer U.S. LLC is a citizen of Indiana and New Jersey for diversity purposes.  *See* 28 U.S.C. § 1332(c).

16.     Defendant Bayer HealthCare LLC is a citizen of Delaware, Pennsylvania, New Jersey, Germany, and the Netherlands.  Compl. ¶ 4.  Like Bayer U.S. LLC, Bayer HealthCare LLC's citizenship is determined by the citizenship of its nine members.  *Brand Mktg.*, 801 F.3d at 353.  Those members are:

- NippoNex Inc., a Delaware corporation with its principal place of business in New Jersey;
- Bayer West Coast Corporation, a Delaware corporation with its principal place of business in New Jersey;

- Bayer Essure Inc., a Delaware corporation with its principal place of business in New Jersey;

- Bayer Medical Care Inc., a Delaware corporation with its principal place of business in Pennsylvania;

- Bayer Consumer Care Holdings LLC, a limited liability company, the sole common member of which is Bayer East Coast LLC and the sole preferred member of which is Bayer HealthCare US Funding LLC.  Bayer East Coast LLC's sole member is Bayer US Holding LP, and Bayer HealthCare US Funding LLC's members are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V.  Bayer US Holding LP is a limited partnership in which Bayer World Investments B.V. is the sole General Partner and Bayer Solution B.V. is the sole limited partner.  Bayer Solution B.V. is a private company with limited liability organized under the laws of the Netherlands and is wholly-owned by Bayer World Investments B.V.  Bayer World Investments B.V. is a private company with limited liability organized under the laws of the Netherlands and is wholly owned by Bayer AG.  Bayer AG and Bayer Pharma AG are German Aktiengesellschafts organized under the laws of Germany whose stock is publicly traded in Germany, and their principal places of business are in Germany;

- Dr. Scholl's LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC;

- Coppertone LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC;

- MiraLAX LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC; and

- Bayer HealthCare US Funding LLC, a limited liability company, whose members are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V.  Bayer AG is a publicly-held German Aktiengesellschaft with its principal place of business in Germany; Bayer Pharma AG is a German Aktiengesellschaft, wholly owned by Bayer AG, with its principal place of business in Germany; and Bayer World Investments B.V. is a private company with limited liability that is wholly owned by Bayer AG.

17. Defendant Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey.  Compl. ¶ 5.  Accordingly, it is a citizen of Delaware and New Jersey for diversity purposes.  *See* 28 U.S.C. § 1332(c).

18. Defendant Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey.  Compl. ¶ 6.  Thus, for diversity purposes, it is a citizen of Delaware and New Jersey.  *See* 28 U.S.C. § 1332(c).

19. Plaintiff alleges that she is a citizen of California.  Compl. ¶ 1.

20. Because Plaintiff is a citizen of California and the Bayer Defendants are citizens of Delaware, Indiana, New Jersey, Pennsylvania, Brazil, France, and Germany, there is complete diversity, and this Court has jurisdiction under 28 U.S.C. § 1332.

| | |
|---|---|
| Dated: October 30, 2018 | Respectfully submitted, |
| | **DECHERT LLP** |
| | _____ |
| | Robert C. Heim |
| | robert.heim@dechert.com |
| | Judy L. Leone |
| | judy.leone@dechert.com |
| | Christopher R. Boisvert |
| | chip.boisvert@dechert.com |
| | Cira Centre |
| | 2929 Arch Street |
| | Philadelphia, PA 19104 |
| | Telephone:  215 994-2570 |
| | |
| | *Attorneys for Defendants Bayer Corporation, Bayer U.S. LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc.* |

## **CERTIFICATE OF SERVICE**

I, Christopher Boisvert, do hereby certify that the foregoing document was served upon the following by regular United States mail and e-mail:

>T. Matthew Leckman
>Leckman Law LLC
>527 Bethan Road
>Elkins Park, PA 19027
>matt@leckmanlaw.com

>_____
>Christopher Boisvert

2.      Essure was approved by FDA through the rigorous premarket approval ("PMA") process in 2002. Ex. B (Premarket Approval Order). Since then, FDA has granted numerous supplemental approvals, including as recently as April 2018, *see* Ex. C (FDA website noting PMA Supplements), repeatedly reviewing and approving Essure's design, construction, manufacturing, testing, training requirements, warnings, instructions for use, patient information, and all other labeling. *See generally Norman v. Bayer Corp.*, No. 3:16-cv-253(JAM), 2016 WL 4007547 (D. Conn. July 26, 2016) (recounting Essure regulatory history and dismissing all claims with prejudice as preempted by federal law); *McLaughlin v. Bayer Corp.*, 172 F. Supp. 3d 804, 809-11 (E.D. Pa. 2016) (recounting Essure regulatory history and dismissing 10 of 12 claims). After a public hearing in September 2015 and months of investigation, FDA reaffirmed that "FDA continues to believe that the benefits of the device outweigh its risks." Ex. D (FDA Activities: Essure).

## ARGUMENT

3.      As set forth more fully below, this case is properly removed because this Court has diversity jurisdiction under 28 U.S.C. § 1332. There is complete diversity among the parties: Plaintiff is a citizen of California, and no defendant is a citizen of that state. Moreover, the amount in controversy exceeds $75,000.

### I.      THE PROCEDURAL REQUIREMENTS OF REMOVAL ARE MET.

4.      Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders and other documents filed in the state court action are attached as Exhibit A.

5. Only Bayer Corporation has been served with Plaintiffs' Complaint.[1] Section 1446(b)(1) requires a notice of removal to be filed within 30 days of the service of a complaint upon the defendants. *See Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (30-day time limit for removal runs from date of formal service of the initial complaint). Because Plaintiff has not yet served her complaint, this Notice of Removal is timely filed.

6. The United States District Court for the Eastern District of Pennsylvania presides in the locality in which the state court action is now pending. It is therefore a proper forum for removal. *See* 28 U.S.C. §§ 118(a), 1441(a).

7. A copy of this Notice of Removal is being served on Plaintiff, and a copy is being filed with the state court. *See id.* § 1446(d).

8. If any questions arise about this removal, Bayer respectfully requests the opportunity to present briefing and oral argument in support of removal.

## II. REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

9. A defendant may remove an action from state court to federal court if the action could have been brought originally in federal court. *See* 28 U.S.C. § 1441. Here, federal jurisdiction exists based upon diversity of citizenship pursuant to 28 U.S.C. § 1332, because this is a civil action between citizens of different states, and it is facially apparent that the amount in controversy with respect to Plaintiff's claim exceeds $75,000, exclusive of interest and costs. *See id.* § 1332(a); *Auto-Owners Ins. Co. v. Stevens & Ricci Inc.*, 835 F.3d 388, 394-95 (3d Cir. 2016).

---

[1] At the time that this notice of removal was filed, Plaintiff has not served her complaint on several Defendants in this matter, and they reserve all rights, including objections to service and personal jurisdiction. *See City of Clarksdale v. BellSouth Telecomms., Inc.*, 428 F.3d 206, 214 n.15 (5th Cir. 2005) ("A defendant's removal to federal court does not waive its right to object to service of process." (citing *Morris & Co. v. Skandinavia Ins. Co.*, 279 U.S. 405, 409 (1929)).

### A. The Amount-In-Controversy Exceeds $75,000.

10. Although Plaintiff does not specifically allege the amount of damages in her complaint, beyond noting that it involves claims worth more than $50,000, it is facially apparent that the damages sought, including any punitive damages, exceed $75,000. *See* 28 U.S.C. § 1446(c)(2); *see, e.g., Huber v. Taylor*, 532 F.3d 237, 244 (3d Cir. 2008) (recognizing that claims for punitive damages are included in determining the amount in controversy). Plaintiff alleges that she sustained "severe and permanent injuries." Compl. ¶ 113. Further, she states that she "has been forced to expend significant sums of money for treatment of the multitude of surgeries, testing, medicine, therapies along with related expenses" and that she "has suffered a significant decrease in her ability to earn money in the future, as well as a significant loss of earning capacity." *Id.* ¶¶ 177-78.

11. Courts have found the amount in controversy satisfied in similar cases, in which plaintiffs have asserted similar injuries, alleged similar degrees of pain, and requested punitive damages. *See, e.g., Dyson v. Bayer Corp.*, 2018 WL 534375, at *5 (E.D. Mo. Jan. 24, 2018) (finding diversity jurisdiction once non-diverse plaintiffs dismissed for lack of personal jurisdiction); *Hocker v. Klurfield*, 2015 WL 8007463, at *2 (E.D. Pa. Dec. 7, 2015) (collecting cases).

12. Moreover—although Bayer denies that any relief is warranted—Pennsylvania juries routinely award compensatory damages in excess of $75,000 in product liability cases where liability is found, further supporting the conclusion that the jurisdictional minimum requirement is satisfied. *See, e.g., Carlino v. Ehticon, Inc.*, 2016 Jury Verdicts LEXIS 841 (Feb. 10, 2016) ($13.5 million verdict in medical device case). Thus, given the nature of Plaintiff's alleged injuries, the scope of damages sought, and the lack of any express limitation on the

amount of damages sought, Plaintiff's claims plainly satisfy the amount-in-controversy requirement.

   **B.**  **Complete Diversity Of Citizenship Exists.**

   13.  There is complete diversity of citizenship between the parties.

   14.  Plaintiff alleges that Defendant Bayer Corporation is an Indiana corporation with its principal place of business in Pennsylvania. Compl. ¶ 2. In fact, since January 1, 2017, Bayer Corporation's principal place of business has been in New Jersey. Accordingly, it is a citizen of Indiana and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c).

   15.  Plaintiff alleges that Defendant Bayer U.S. LLC is a Pennsylvania corporation with its principal place of business in Pittsburgh, Pennsylvania. Compl. ¶ 3. In fact, Bayer US LLC is a limited liability company, and its citizenship is determined by the citizenship of its members. *Brand Mktg. Grp. LLC v. Intertek Testing Servs., N.A., Inc.*, 801 F.3d 347, 353 (3d Cir. 2015). Its sole member is Bayer Corporation, and thus, Bayer U.S. LLC is a citizen of Indiana and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c).

   16.  Defendant Bayer HealthCare LLC is a citizen of Delaware, Pennsylvania, New Jersey, Germany, and the Netherlands. Compl. ¶ 4. Like Bayer U.S. LLC, Bayer HealthCare LLC's citizenship is determined by the citizenship of its nine members. *Brand Mktg.*, 801 F.3d at 353. Those members are:

- NippoNex Inc., a Delaware corporation with its principal place of business in New Jersey;
- Bayer West Coast Corporation, a Delaware corporation with its principal place of business in New Jersey;

- Bayer Essure Inc., a Delaware corporation with its principal place of business in New Jersey;

- Bayer Medical Care Inc., a Delaware corporation with its principal place of business in Pennsylvania;

- Bayer Consumer Care Holdings LLC, a limited liability company, the sole common member of which is Bayer East Coast LLC and the sole preferred member of which is Bayer HealthCare US Funding LLC. Bayer East Coast LLC's sole member is Bayer US Holding LP, and Bayer HealthCare US Funding LLC's members are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V. Bayer US Holding LP is a limited partnership in which Bayer World Investments B.V. is the sole General Partner and Bayer Solution B.V. is the sole limited partner. Bayer Solution B.V. is a private company with limited liability organized under the laws of the Netherlands and is wholly-owned by Bayer World Investments B.V. Bayer World Investments B.V. is a private company with limited liability organized under the laws of the Netherlands and is wholly owned by Bayer AG. Bayer AG and Bayer Pharma AG are German Aktiengesellschafts organized under the laws of Germany whose stock is publicly traded in Germany, and their principal places of business are in Germany;

- Dr. Scholl's LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC;

- Coppertone LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC;

- MiraLAX LLC, a limited liability company, the sole member of which is Bayer HealthCare US Funding LLC; and

- Bayer HealthCare US Funding LLC, a limited liability company, whose members are Bayer AG, Bayer Pharma AG, and Bayer World Investments B.V. Bayer AG is a publicly-held German Aktiengesellschaft with its principal place of business in Germany; Bayer Pharma AG is a German Aktiengesellschaft, wholly owned by Bayer AG, with its principal place of business in Germany; and Bayer World Investments B.V. is a private company with limited liability that is wholly owned by Bayer AG.

17. Defendant Bayer Essure Inc. is a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 5. Accordingly, it is a citizen of Delaware and New Jersey for diversity purposes. *See* 28 U.S.C. § 1332(c).

18. Defendant Bayer HealthCare Pharmaceuticals Inc. is a Delaware corporation with its principal place of business in New Jersey. Compl. ¶ 6. Thus, for diversity purposes, it is a citizen of Delaware and New Jersey. *See* 28 U.S.C. § 1332(c).

19. Plaintiff alleges that she is a citizen of California. Compl. ¶ 1.

20. Because Plaintiff is a citizen of California and the Bayer Defendants are citizens of Delaware, Indiana, New Jersey, Pennsylvania, Brazil, France, and Germany, there is complete diversity, and this Court has jurisdiction under 28 U.S.C. § 1332.

Dated: October 30, 2018

Respectfully submitted,

**DECHERT LLP**

*[signature]*

Robert C. Heim
robert.heim@dechert.com
Judy L. Leone
judy.leone@dechert.com
Christopher R. Boisvert
chip.boisvert@dechert.com
Cira Centre
2929 Arch Street
Philadelphia, PA 19104
Telephone:  215 994-2570

*Attorneys for Defendants Bayer Corporation, Bayer U.S. LLC, Bayer Essure Inc., and Bayer HealthCare Pharmaceuticals Inc.*

8

## **CERTIFICATE OF SERVICE**

I, Christopher Boisvert, do hereby certify that the foregoing document was served upon the following by regular United States mail and e-mail:

> T. Matthew Leckman
> Leckman Law LLC
> 527 Bethan Road
> Elkins Park, PA 19027
> matt@leckmanlaw.com

Christopher Boisvert